CURRAN, Respondent, v. BOWELL, et al, Appellants.

(220 N. W. 455.)

(File No. 6568. Opinion filed June 30, 1928.)

*McNulty, Williamson & Smith,* of Aberdeen, for Appellants.
*P. J. Maloney,* of Aberdeen, for Respondent.

CAMPBELL, J.   This case involves the construction of chapter 61, Laws 1927, known as "the South Dakota Barber Act," the title of which is:

"An act regulating the practice of barbering, defining such practice, providing for a board of examiners and the issuance of certificates to practice barbering, and providing penalties for violation."

Section 1 of the act provides, in part, as follows:

*"After July 1, 1927,* no person shall practice or attempt to practice barbering without a certificate of registration as a registered barber issued pursuant to the provisions of this act, by the board of barber examiners hereinafter established. * * * *After July 1, 1927,* it shall be unlawful to operate a barber shop unless it is at all times under the direct supervision and management of a registered barber."

The act then proceeds to define the practice of barbering and of apprentice barbering and to exempt from its provisions certain classes of persons not here material, including physicians, surgeons.

registered nurses, etc. It then sets forth the qualifications neces-. sary to receive a certificate of registration as a barber and those necessary for registration as an apprentice, and prescribes certain minimum standards of requisite professional education. It then provides for "application to the board on blank forms prepared and furnished by the board," and that each applicant shall "pay the board the required fee." Section 8. It provides for an examination of fitness to be conducted by the board and for the issuance of certificate when the provisions of the act have been complied with, and makes provision for persons who have practiced barbering in another state or country for at least five years and have certain other stated qualification. Down to this point the language of the bill seems applicable to all barbers. In section 12 of the act it deals for the first time with present practitioners in the following language:

"Any person who either for six months immediately preceding July 1, 1927, was engaged in the practice of barbering at one or more established places of business in this state, shall be granted a certificate of registration as a registered barber, without examination, by making application to the board *on or before July 1, 1927,* and paying required fee."

The act further provides that "the fee to be paid by an applicant for an examination to determine his fitness to receive a certificate of registration to practice barbering is ten dollars and for issuance of the certificate two dollars," and provides for annual renewal of the certificate of registration, and that "the fee to be paid for the renewal of a certificate of registration to practice barbering is five dollars and for the restoration of an expired certificate is seven dollars." Section 17. The act contains numerous other provisions as to hearings before the board and the powers and duties of the board under various circumstances, and provides for the appointment of the "board of barber examiners" by the Governor; for their compensation on a per diem basis and reimbursement for their traveling expenses to be paid from the fund created by fees collected under the act; authorizes the board to make reasonable rules and regulations for the administration of the provisions of the act, and to prescribe sanitary requirements for barber shops and barber schools subject to the state board of health; and authorizes any member of the board or its agents or

assistants to enter upon and inspect any barber shop or barber school at any time during business hours.

Under the Constitution of this state (article 3, § 22) and section 5111, Rev. Code 1919, this act could not take effect until July 1, 1927. Prior to that day there was no power or authority to appoint a board and no method whereby such board could function in any manner.

Respondent has been engaged in the practice of barbering in South Dakota continuously prior to July 1, 1927, for a much longer time than was required by the statute to constitute him a "present practitioner." On July 12, 1927, he presented to the board his application for a certificate of registration, tendering a fee of $2. The application was refused by the board, whereupon respondent applied to the circuit court for a peremptory writ of mandamus requiring the board to issue a certificate to him. He was awarded the writ and the board has appealed.

There are presented two questions: First, the applicability of the act to present practitioners; and, second, if it is so applicable, the amount of fee required to be paid by said present practitioners upon seeking registration.

The statute is crudely and inartistically drawn, and is so full of inconsistencies and self-contradictions that to go to any particular phrase or clause or section and seek thereby to discern definitely and specifically that more or less chimerical thing commonly denominated as "legislative intent" seems utterly hopeless. The act, we are told, originated with the Barbers' Association of the state, and in view of the numerous inconsistencies appearing therein about the only thing that can legitimately be said as to the "legislative intent" seems to be this, that the various members of the Legislature were apparently quite willing to give the barbers whatever regulation of barbers and barbering they may have supposed the barbers themselves thought they would get by virtue of the terms of the act. We are free to confess that any effort to construe a statute thus carelessly prepared in such manner as to make of it a workable tool in its entirety strains the function of interpretation to the utmost and perilously approaches outright judicial legislation.

It is necessary to take into consideration the entire scope and apparent object of the legislation and reconcile its manifest

inconsistencies and absolute contradictions in terms as best we may. The act provides, in substance, that violation of its provisions shall constitute a misdemeanor punishable by fine of not less than $25 nor more than $200. It requires "present practitioners" to make application on forms to be furnished by the board "on or before July first." The fact that the act could not go into effect until July 1st seems to have been entirely overlooked. It would be manifestly impossible for the board to be appointed on July 1st, and on that day prepare and furnish to all practicing barbers then in this state the blank forms for application, have them all filled out and returned with the accompanying data and certificates, investigate all applications, conduct all necessary examinations, and issue certificates to all practicing barbers, all in one day. We certainly cannot hold that the Legislature intended every practicing barber in this state to close his shop on July 2, 1927, or in the alternative find himself guilty of a misdemeanor. We have two possible courses to pursue. We might hold that "on or before July 1, 1927" in section 12 and section 1 of the statute should be strictly construed, and therefore that the act could have no application to present practitioners because it sought to require of them the impossible; or we may say that, notwithstanding the express terms of the act, it must nevertheless be construed to afford present practitioners a reasonable time after July 1, 1927, in which to apply for and secure the certificate of registration. The whole tenor of the act shows that it was meant to apply to present practitioners, and we deem the latter course preferable. We therefore construe the act to mean that all persons who were present practitioners as therein defined on July 1, 1927, were under a duty to comply with the terms thereof, but that they should have a reasonable time after July 1, 1927, to apply for and receive the certificate of registration.

We then come to the question of the fee to be paid by such present practitioners with their application. The statute on this point is not free from ambiguity nor clear in its terms. Considering the act as a whole, however, and bearing in mind its apparent scope and purpose, we believe it was meant that the present practitioners, upon making a proper showing to the satisfaction of the board, should be exempted from proving their skill and ability as might be required of others, but that this privilege should not

affect the fee to be paid by them, and that "the required fee" to be paid by present practitioners with their application is $10 to be followed by the further fee of $2 for issuance of certificate, if and when the board finds their showing sufficient.

We are therefore of the opinion in this case that respondent's application was in due time, being within a reasonable period after the act went into effect and it became possible for him to apply, but that he should have tendered a fee of $10 therewith in place of $2, and should have been required to pay a further fee of $2 for the issuance of the certificate. The order awarding the writ, therefore, must be and it is reversed, and the writ set aside, and the cause remanded for further proceedings.

In view of the ambiguity of the act and the difficulty of determining its meaning in advance of a more or less arbitrary determination thereof by the court, the respondent should be permitted to renew his application at this time upon tendering therewith the proper fee as hereinbefore set out, and no costs will be taxed on this appeal.

BURCH, P. J., and BROWN, J., concur.

SHERWOOD and POLLEY, JJ., dissent from the view expressed by the majority of the court that present practitioners should pay a fee of $12, instead of a fee of $2, for their certificates.

The act expressly provides that "the fee to be paid by an applicant for an examination * * * to practice barbering is ten dollars." Section 17. It also expressly provides that barbers who have heretofore practiced in the state "shall be granted a certificate * * * without examination." Section 12. The only fee prescribed by the act for issuing a certificate to practice barbering is $2. This the applicant tendered with his application. We think the judgment of the lower court should be affirmed.